**BAO DE WENG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–0243–ag.

United States Court of Appeals, Second Circuit.

Aug. 31, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Jane W. Duke, Acting United States, Attorney; Gwendolyn D. Hodge, Assistant United States Attorney, Little Rock, AR, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao De Weng, a native and citizen of the People's Republic of China, seeks review of a December 20, 2005 order of the BIA affirming the August 19, 2004 decision of Immigration Judge ("IJ") Helen J. Sichel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao De Weng*, No. A 72 565 041 (B.I.A. Dec. 20, 2005), *aff'g* No. A 72 565 041 (Immig. Ct. N.Y. City, Aug. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

While this Court has held that an IJ must make an "explicit" determination as to credibility, *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000), we have never held that to do so any particular words are required. Here, the IJ did not use the word "credible" in her decision. However, each of her findings—including those regarding omissions and inconsistencies—was relevant to an adverse credibility determination. Moreover, both parties treat the IJ's decision as having rendered an adverse credibility finding. As such, we construe the IJ's decision as having disposed of Weng's claim on credibility grounds.

■ Construed as such, substantial evidence supports the IJ's adverse credibility determination. First, the IJ accurately found Weng's testimony that his wife had a forced abortion in 1983 to be inconsistent with the statement from his wife's physician, which indicated that his wife had the alleged abortion in 1986. Additionally, the IJ noted that Weng had originally premised his asylum claim on his involvement in the pro-democracy movement in China, but then pursued only a claim based on the family planning policy. The IJ reasonably declined to credit Weng's explanation for these discrepancies—that someone else had prepared his asylum application and that he did not speak English. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Because these inconsistencies were material to Weng's claim that his wife had a forced abortion, they substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). In addition, the IJ properly based his adverse credibility finding on the omission of the alleged forced abortion from the asylum applications filed by Weng and his wife, and from his airport interview. Weng alleged in his asylum application that he was persecuted by the Chinese government because he opposed the family planning policy, but he asserted only that he did so "by trying to have a female child." Further, he stated in his airport interview upon his arrival in the United States that he came to this country, in part, because he wanted to have a baby with his wife "in the future." Thus, although Weng's wife's forced abortion may not have been a basis for an asylum claim at the time, it nevertheless was material to his claim that he was persecuted under the family planning policy. These omissions therefore supported the IJ's adverse credibility determination. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006).

■ Because the only evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ We separately note that, even assuming credibility, Weng is not eligible for asylum solely on the basis of his wife's alleged forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007) (holding that the Immigration and Nationality act does not provide that a spouse or unmarried partner of someone who has been forced to undergo, or is threatened with, an abortion or sterilization is automatically eligible for "refugee" status).

■ Finally, we deny Weng's request for remand in light of the documents that were the subject of *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006) and *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007), where the IJ's proper adverse credibility finding calls the existence of Weng's two children into question. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA did not abuse its discretion in denying petitioner's motion to reopen due, in part, to his failure to rebut the adverse credibility determination that provided the basis for the IJ's denial of his underlying asylum claim). Even if Weng credibly established that he has two children, remand would not be required, given our recent decision in *Xiao Xing Ni v. Gonzales*, 494 F.3d 260 (2d Cir.2007), because the documents described in *Shou Yung Guo* are not in the record before us. If Weng has evidence establishing his eligibility for relief based on the existence of his two children, he may present such evidence to the BIA in a motion to reopen. *See id.; see also* 8 C.F.R. § 1003.2(a), (c).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).